UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**NATIONWIDE JUDGMENT**
**RECOVERY, INC.,**

      **Plaintiff,**

v.                                             Case No: 6:22-mc-22-RBD-EJK

**KENNETH F. STAHL,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court on Plaintiff's Motion for Final Judgment in Garnishment as to Garnishee Regions Bank (the "Motion"), filed November 2, 2022. (Doc. 20.) Upon consideration, I respectfully recommend that the Motion be granted.

On May 20, 2020, Nationwide Judgement Recovery, Inc. ("Nationwide") registered a foreign judgment in this Court in the amount of $15,631.81 against Defendant Kenneth F. Stahl. (Docs. 1; 1-1). The Clerk of Court subsequently issued Writs of Garnishment (the "Writs") directed to Wells Fargo Bank, N.A., Regions Bank, and Space Coast Credit Union (the "Garnishees"). (Docs. 6, 7, 8.) Garnishee Regions Bank filed an answer to the Writ stating that it is indebted to Stahl in the amount of $15,631.81. (Docs. 12, 12-1.) Pursuant to Florida Statute § 77.055, Plaintiff served the notice, the Garnishees' Answers, and the Motions for the Writ on Stahl. (Docs. 6, 7, 8, 14.)

On October 17, 2022, Stahl objected to Nationwide's Motion to Substitute Party (Doc. 19); however, the Court overruled Stahl's objection and affirmed the undersigned's order granting Nationwide's motion. (Doc. 21.) Plaintiff has now filed the instant Motion, requesting that the Court enter a final judgment of $15,631.81 in its favor against Regions Bank, payable to an attorney trust account. (Doc. 20 at 6.) In the Motion, Plaintiff represents that the court that entered judgment against Stahl approved selling the judgments and that Receiver Orso assigned the judgment to Nationwide. (*Id.* at 3.)

Florida's procedure in aid of execution governs in the instant case. *See* Fed. R. Civ. P. 69. Chapter 77 of the Florida Statutes prescribes the procedure for issuance and enforcement of writs of garnishment. "Florida law requires garnishment statutes to be strictly construed." *Bernal v. All Am. Inv. Realty, Inc.*, No. 05-60956-CIV, 2009 WL 586010, at *4 (S.D. Fla. Mar. 6, 2009). When a plaintiff demonstrates that the defendant was served with the statutorily required notices but failed to appear or otherwise respond to a writ of garnishment, the plaintiff meets the statutory requirements for a judgment of garnishment. *See Zhejiang Dongri Imp. & Exp. Co., Ltd., v. Neoptx, LLC*, No. 20-CV-60114-SMITH/VALLE, 2021 WL 2480879, at *1 (S.D. Fla. 2021), *adopting report & recommendation in relevant part*, 2021 WL 2476518 (S.D. Fla. June 17, 2021).

In response to the Writ of garnishment, Regions Bank filed its answer, admitting that it held an account for Stahl in the amount of $15,631.81. (Docs. 12; 12-1.) Plaintiff has served Stahl with the required Notice, a copy of the Writ, and Answer, pursuant

to Florida Statutes. §§ 77.041, 77.055. (*See* Doc. 10.) To date, Regions Bank has failed to assert a claim for exemption or move to dissolve the Writ. Accordingly, Plaintiff has met the statutory requirements for a judgment of garnishment and Plaintiff's Motion should be granted.

Thus, upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT** Plaintiff's Motion for Final Judgment in Garnishment as to Garnishee Regions Bank (Doc. 20); and

2. **ENTER** final judgment in favor of Nationwide against Regions Bank in the amount of **$15,631.81** payable to the attorney trust account of counsel Alison N. Emery.

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on November 29, 2022.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE